**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 17-7605**

MATTHEW RAY HUNDLEY,

　　　　　Plaintiff - Appellant,

　　v.

EDWARD THOMAS, Warden at Central Prison,

　　　　　Defendant - Appellee.

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.  Terrence W. Boyle, District Judge.  (5:17-ct-03110-BO)

Submitted:  March 30, 2018　　　　　　　　　　Decided:  April 16, 2018

Before KING, WYNN, and HARRIS, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Matthew Ray Hundley, Appellant Pro Se.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Matthew Ray Hundley appeals from the district court's order dismissing without prejudice his 42 U.S.C. § 1983 (2012) complaint for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B)(ii) (2012). Hundley raised claims of denial of access to court, asserting that the lack of legal assistance prevented him from filing civil actions related to his criminal proceeding, including a habeas corpus petition seeking immediate release on the basis of improper extradition. We affirm.

A district court shall dismiss a § 1983 action if it determines the action is frivolous, malicious, or fails to state a claim upon which relief may be granted. *See* 28 U.S.C. §§ 1915(e)(2)(B). A complaint should not be dismissed for failure to state a claim unless "after accepting all well-pleaded allegations in the plaintiff's complaint as true and drawing all reasonable factual inferences from those facts in the plaintiff's favor, it appears certain that the plaintiff cannot prove any set of facts in support of his claim entitling him to relief." *Slade v. Hampton Rds. Reg'l Jail*, 407 F.3d 243, 248 (4th Cir. 2005) (internal quotation marks omitted). We review a district court's dismissal for failure to state a claim de novo. *Id.*

While a pro se litigant's pleadings are liberally construed, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), a pro se complaint must still contain sufficient facts "to raise a right to relief above the speculative level" and "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007). Even affording Hundley's complaint a liberal construction, we conclude that the district court correctly dismissed his § 1983 action.

2

The Due Process Clause of the Fourteenth Amendment guarantees state inmates the right to "adequate, effective, and meaningful" access to the courts. *Bounds v. Smith*, 430 U.S. 817, 822 (1977). Thus, there is an affirmative obligation on the states to assure all inmates access to the courts, as well as assistance in the preparation and filing of legal papers. *Williams v. Leeke*, 584 F.2d 1336, 1339-41 (4th Cir. 1978). The Supreme Court instructs that states may satisfy this obligation "by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law." *Bounds*, 430 U.S. at 828. In order to make out a prima facie case of denial of access to the courts, an inmate must identify with specificity an actual injury resulting from the alleged denial of access. *Cochran v. Morris*, 73 F.3d 1310, 1317 (4th Cir. 1996).

In this case, it is undisputed that Hundley was provided with an attorney to aid him in his North Carolina criminal matter. According to the district court, this was all that was required of Defendant. Hundley nonetheless asserts that Defendant also had the responsibility to assure that Hundley had reasonable access to legal materials or legal assistance to challenge his detention civilly.

Hundley correctly notes that a challenge to his extradition would be a collateral case and not necessarily within the purview of his criminal attorney. *See Harden v. Pataki*, 320 F.3d 1289, 1298 (11th Cir. 2003) (holding that violations of extradition procedures in no way relate to underlying guilt or innocence). However, Hundley does not allege that he was denied access to courts to file a suit for damages regarding his extradition. Instead, he states that he was denied access to courts to seek his release based on improper extradition. Unfortunately for Hundley, violation of state or federal

3

extradition laws does not constitute a defense in a criminal case. *Wirth v. Suries*, 562 F.2d 319, 323 (4th Cir. 1977); *see also Harden*, 320 F.3d at 1299 (holding that a person forcibly abducted from one state without a warrant does not have a claim for release in habeas corpus proceeding in demanding state). Because the jurisdiction of a trial court over a criminal defendant is not vitiated by the violation of extradition procedures, *Lascelles v. Georgia*, 148 U.S. 537, 544 (1893) ("The jurisdiction of the court in which the indictment is found is not impaired by the manner in which the accused is brought before it."), the relief Hundley claims to have been barred from pursuing was not available.

In addition, even if Hundley could have sought release based upon improper extradition or some other error, Hundley's claims of injury are too conclusory to satisfy a prima facie case. While he contends that he wanted to file "civil actions" and challenge his extradition, he does not provide details of these actions or any alleged errors. In fact, it generally appears that Hundley is dissatisfied with his criminal attorney; however, these assertions can be raised in a 28 U.S.C. § 2255 (2012) motion or malpractice action if and when he is convicted.

Because Hundley has shown no right to the relief he seeks and has failed to detail his alleged injury, we conclude that the district court properly determined that Hundley failed to state a claim. *See Lewis v. Casey*, 518 U.S. 343, 353-54 (1996) (recognizing that a prisoner must be able to demonstrate that a "nonfrivolous legal claim ha[s] been frustrated or was being impeded" to establish the actual injury requirement). Based on the foregoing, we affirm the district court's order. We dispense with oral argument

4

because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*